Landon S. Brown     [ISB No. 9023]
NAYLOR & HALES, P.C.
Attorneys at Law
950 W. Bannock Street, Suite 610
Boise, ID 83702
Telephone No. (208) 383-9511
Facsimile No. (208) 383-9516
Email: landon@naylorhales.com

Adam M. Strong
Boise County Prosecuting Attorney
Mitchell D. Coats
Boise County Deputy Prosecuting Attorney
406 Montgomery Street
P.O. Box 186
Idaho City, Idaho 83631
Telephone No. (208) 392-4485
E-File: prosecutor@co.boise.id.us

Attorneys for Respondent

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ERIC SNYDER; KEVIN VAN HORN; DAWN HURD; CLARENCE HURD; LORI NIELSEN; DAN MILHOLLAND; DIANNE MILHOLLAND; TYLER MAHLER; TRYSTEN STAPPENBECK; DAVID CHMIELOWIEC; SARA STAPPENBECK; ALLIE SPENCER; CURTIS BETHEA; COLBY FERRIS; JULIE FERRIS; SYDNEY THELANDER; LYN LUNDIE; ANTHONY STUDER; JUDY MELCHER; FRANKLYN K. SHEPARD; JUSTIN BEAUCANNON; AMANDA BEAUCANNON; JEFF ARSWALD; ARIC MCCULLOUGH; LORISSA MCCULLOUGH; JON BROADBENT; BYRON RICHMOND; EMILY RICHMOND; BEA SCOTT; DINAH THOMAS; AUSTIN CIBELLI; SARA CIBELLI; NICHOLAS EMMERLING, | Case No.<br><br>**NOTICE OF REMOVAL** |

**NOTICE OF REMOVAL - 1.**

Petitioners (Plaintiffs),

VS.

BOISE COUNTY, a political subdivision of the State of Idaho, acting through the BOISE COUNTY COMMISSIONERS,

Respondent (Defendant).

## I. NOTICE OF REMOVAL

Respondent-Defendant Boise County hereby removes the above-entitled action to the United States District Court for the District of Idaho.

**A.     PARTIES**

1.     Boise County is a political subdivision of the State of Idaho. In this case, Boise County acted through its duly-elected Board of County Commissioners ("Board").

2.     Petitioners-Plaintiffs are residents and/or property owners of Boise County, Idaho.

3.     Horizon Tower, LLC ("Horizon Tower") is a Delaware limited liability company with its primary place of business in Danville, California. Horizon Tower is registered with the Idaho Secretary of State to operate in the state of Idaho. On or around August 2, 2022, Horizon Tower, through its counsel, Clark Wardle LLP, filed a Verified Petition to Intervene in state court. Boise County and Petitioners-Plaintiffs both filed notices of non-oppositions/notices of non-objections to Horizon Tower's petition. The state court has not yet ruled on the petition.

**B.     FACTUAL BACKGROUND**

4.     On or around August 2, 2021, Horizon Tower submitted a Conditional Use Permit Application ("CUP Application") to Boise County's Planning and Zoning Department, seeking approval to construct and operate a wireless communications facility ("Cell Tower") on real

**NOTICE OF REMOVAL - 2.**

property located in Boise County at 134 Mores Creek Rime Road, Parcel No. RP04N04528724B ("Property").

5. On or around November 2, 2021, the Boise County Planning and Zoning Commission ("Commission") approved the CUP Application.

6. On or around November 16, 2021, Petitioners-Plaintiffs filed an appeal with the Board challenging the Commission's approval of the CUP Application.

7. On or around March 29, 2022, the Board issued its Findings of Fact, Conclusions of Law, and Order ("FCO"), which affirmed on other grounds the Commission's approval of the CUP application. Specifically, the Board found that the proposed land use (a cell tower) would violate the Boise County Amended Unified Land Use Ordinance #2016-01 ("ULO"). However, the Board found that denial of the CUP Application would violate the Telecommunications Act of 1996, 47 U.S.C. § 332(c)(7)(b)(i)(II). As a result, the Board found that it was compelled by federal law to approve the CUP Application. *See* FCOs, Appendix A, p. 12.

8. On or around April 12, 2022, Petitioners-Plaintiffs filed a Request for Reconsideration.

9. The Board did not act on the Request for Reconsideration within the 60-day statutory window. Therefore, the Request for Reconsideration was deemed denied pursuant to Idaho Code § 67-6535(2)(a).

10. On or around July 11, 2022, Petitioners-Plaintiffs filed a Petition for Judicial Review ("Petition") arguing, in part, that the Board's decision: (1) violated "applicable statutory provisions, and other provisions of law;" (2) was "not supported by substantial evidence in the record;" (3) was clearly erroneous; (4) was an abuse of discretion; and (5) was arbitrary and capricious.

**NOTICE OF REMOVAL - 3.**

11. On or around July 19, 2022, Petitioners-Plaintiffs served the Petition on Boise County.

12. On or around August 2, 2022, Horizon Tower filed a Verified Petition to Intervene.

## C. BASIS FOR REMOVAL

Boise County states that the basis for this removal is as follows:

13. The above-entitled action was originally filed in the District Court of the Fourth Judicial District of the State of Idaho, in and for the County of Boise, on July 11, 2022. On July 19, 2022, Boise County was served with the Petition. Boise County files this Notice of Removal within the 30-day time limit required by 28 U.S.C. § 1446(b)(1).

14. Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1441, 1331, and 1367.

15. The United States District Court for the District of Idaho, under the provisions of 28 U.S.C. §§ 1331, has original jurisdiction over the Petition in that Petitioners-Plaintiffs allege that the Board's approval of the CUP Application violates "applicable statutory provisions" and "other provisions of law." The Board's approval of the CUP Application was based on federal law, the Telecommunications Act of 1996, particularly 47 U.S.C. § 332(c)(7)(b)(i)(II). Therefore, Petitioners-Plaintiffs' challenge of the Board's decision fundamentally raises and depends on the resolution of a federal question regarding whether the Board was compelled to approve the CUP Application as a result of federal law.

16. Although the Petition does not specifically refer to federal law, under the artful pleading doctrine, "a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint." *Franchise Tax Board*, 463 U.S. 1, 22 (1983). The Court can and should "delve beyond the face of the state court complaint and find federal question jurisdiction." *Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003), *as amended* (Sept. 22,

**NOTICE OF REMOVAL - 4.**

2003). A review of the Board's FCOs clearly demonstrates that the Petition necessarily involves a federal question regarding whether the Board was compelled to approve the CUP Application as a result of the Telecommunications Act of 1996. *See* FCOs, Appendix A. As a result, this Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331.

17. Although the Petition arises out of an administrative appeal under Idaho procedures, the United States Supreme Court has held that matters filed under state laws governing on-the-record review of local agencies can be removed to federal district court pursuant to 28 U.S.C. § 1367. *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 177 (1997). Accordingly, this Court may exercise supplemental jurisdiction over all other claims in the Petition that are related to the claim giving rise to original jurisdiction. Since the Board's approval of the CUP Application was based solely on application of federal law, all state claims challenging the Board's decision are appropriate for this Court to consider under supplemental jurisdiction.

18. Complete copies of the following pleadings and documents filed in the original state court action are attached hereto as the following exhibits:

| Exh. | Pleading |
|---|---|
| 1. | Petition for Judicial Review |
| 2. | Amended Certificate of Service |
| 3. | Declaration of Service |
| 4. | Notice of Appearance |
| 5. | Verified Petition to Intervene |
| 6. | Scheduling Hearing on Petition to Intervene |
| 7. | Notice of Appearance and Notice of Association of Co-Counsel |
| 8. | Petitioners' Notice of Non-Opposition to Horizon Tower's Verified Petition to Intervene |
| 9. | Respondent's Notice of Non-Objection |
| 10. | Notice of Remote Hearing |

19. A copy of the state court docket sheet is attached hereto as **Exhibit 11**, pursuant to D. Id. L.Civ. R. 81.1.

**NOTICE OF REMOVAL - 5.**

20. Counsel for Horizon Tower has communicated that Horizon Tower does not oppose the removal of this case to federal court.

21. Venue is proper in this District Court under 28 U.S.C. § 1441(a) because the state court where the Petition is pending is located in this district.

22. Boise County will promptly file a copy of this Notice of Removal with the clerk of the state court where the Petition is pending.

**D. CONCLUSION**

For the foregoing reasons, Boise County removes the Petition to this United States District Court for the District of Idaho.

DATED this 15th day of August, 2022.

                NAYLOR & HALES, P.C.

By: */s/ Landon S. Brown*
    LANDON S. BROWN, Of the Firm
    Attorneys for Respondent

**NOTICE OF REMOVAL - 6.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 15th day of August, 2022, I electronically filed the foregoing with the Clerk of the Court using iCourt e-filing system which sent a Notice of Electronic Filing to the following persons:

| | |
|---|---|
| [X] iCourt E-File and Serve | Norman M. Semanko<br>Parsons Behle & Latimer<br>nsemanko@parsonsbehle.com |
| [X] iCourt E-File and Serve | Adam M. Strong<br>Mitchell D. Coats<br>Boise County Prosecutor's Office<br>prosecutor@co.boise.id.us |
| [X] iCourt E-File and Serve | Joshua J. Leonard<br>Clark Wardle LLP<br>filing@clarkwardle.com |

*/s/ Landon S. Brown*
LANDON S. BROWN

**NOTICE OF REMOVAL - 7.**