UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ERIC SNYDER; KEVIN VAN HORN; DAWN HURD; CLARENCE HURD; LORI NIELSEN; DAN MILHOLLAND; DIANNE MILHOLLAND; TYLER MAHLER; TRYSTEN STAPPENBECK; DAVID CHMIELOWIEC; SARA STAPPENBECK; ALLIE SPENCER; CURTIS BETHEA; COLBY FERRIS; JULIE FERRIS; SYDNEY THELANDER; ANTHONY STUDER; JUDY MELCHER; FRANKLYN K. SHEPARD; JUSTIN BEAUCANNON; AMANDA BEAUCANNON; JEFF ARSWALD; ARIC MCCULLOUGH; LORISSA MCCULLOUGH; JON BROADBENT; BYRON RICHMOND; EMILY RICHMOND; BEA SCOTT; DINAH THOMAS; AUSTIN CIBELLI; SARA CIBELLI; NICHOLAS EMMERLING,<br><br>                Plaintiffs,<br><br>  v.<br><br>BOISE COUNTY, a political subdivision of the State of Idaho, acting through the BOISE COUNTY COMMISSIONERS,<br><br>                Defendants. | Case No. 1:22-cv-00350-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

This matter comes before the Court on Plaintiffs' Motion to Remand. Dkt. 6-1. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will address the motion without oral argument. Dist. Idaho Loc. Civ.

MEMORANDUM DECISION AND ORDER - 1

R. 7.1(d)(2)(ii). For the reasons outlined below, the Court finds good cause to GRANT the motion.

## II. BACKGROUND

On August 2, 2021, proposed Intervenor Defendant Horizon Tower, LLC[1] ("Horizon") submitted an application to the Boise County Board of Commissioners ("Boise County") to get land use approval for the construction of a wireless communications facility on a parcel of real property. Dkt. 7, at 3. On October 21, 2021, Boise County's Planning and Zoning Commission approved Horizon's application. Plaintiffs, who own homes near the proposed site for the wireless communications facility, appealed to Boise County. *Id*. at 4. On March 3, 2022, and March 15, 2022, Boise County conducted public hearings on Plaintiff's appeal. Dkt. 6-1, at 2.

On March 29, 2022, Boise County issued a decision upholding the approval of Horizon's application ("Decision"). *Id*. Plaintiffs timely requested reconsideration of the Decision, but Boise County failed to act on Plaintiffs' request. *Id*. Plaintiffs subsequently filed a petition, pursuant to Idaho Code Sections 67-5270 through 67-5279, 67-6521 and 67-6535, and Rule 84 of the Idaho Rules of Civil Procedure, for judicial review in the District Court of the Fourth Judicial District of the State of Idaho (the "State Court"). *Id*.; Dkt. 1-3, at 2. On or about August 15, 2022, Boise County removed the case to federal court, asserting federal question jurisdiction based on the Decision's reliance on the Telecommunications Act of 1996 ("TCA"), and specifically 47 U.S.C. §

---

[1] Although Horizon's Motion to Intervene is unopposed, the Court will not be presiding over this case and accordingly leaves the issue of intervention to the State Court. Dkt. 10; Dkt. 11.

MEMORANDUM DECISION AND ORDER - 2

332(c)(7)(b)(i)(II), in its Decision. Dkt. 6-1, at 3; Dkt. 7, at 5. Plaintiffs then filed the instant Motion to Remand the case back to the State Court. *Id*.

### III. LEGAL STANDARD

Federal district courts are courts of limited jurisdiction and are "presumed to lack subject matter jurisdiction until the contrary affirmatively appears." *Dragovich v. United States Dep't of Treasury*, 764 F. Supp. 2d 1178, 1184 (N.D. Cal. 2011). When an action is removed to federal district court from state court, the district court has "broad discretion" to remand the removed claim or cause of action. 28 U.S.C. § 1452(b); *see also* 28 U.S.C. § 1446(c)(4) (noting that if a court finds "that removal should not be permitted, the court shall make an order for summary remand").

The "burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). Any doubt as to the right of removal is resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

A defendant may remove any civil action from state court to federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). The federal question statute[2] states "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

The Supreme Court has found that a case "arises under" the Constitution in two circumstances. First, and "most often, federal jurisdiction attaches when federal law creates

---

[2] Diversity jurisdiction is not present in this case.

MEMORANDUM DECISION AND ORDER - 3

the cause of action asserted." *Hornish v. King Cty.*, 899 F.3d 680, 687 (9th Cir. 2018). However, even if a claim originates under state law, federal question jurisdiction may still exist in "a special and small category of cases." *Id.* In this second category, a federal court may exercise jurisdiction over a state law claim if the claim "necessarily raises a stated federal issue, [that is] actually disputed and substantial" and that a federal court "may entertain without disturbing any congressionally approved balance of federal and state power." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Manning*, 578 U.S. 374, 383 (2016) (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)). In other words, federal question jurisdiction over a state law claim exists if a "federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013).

"Federal question jurisdiction lies . . . only if it appears from the face of the complaint that determination of the suit depends upon a question of federal law." *Manning*, 578 U.S. at 386 (cleaned up). Moreover, "the controversy must be disclosed upon the face of the complaint, *unaided by the answer or by the petition for removal.*" *Pan Am. Petroleum Corp. v. Superior Court of Del.*, 366 U.S. 656, 663 (1961) (emphasis added).

Generally, the standard for determining federal question jurisdiction is the well-pleaded complaint rule, which limits the issues raised in the complaint to those that "necessarily appear[] in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant might interpose." *Taylor v. Anderson*, 234 U.S. 74, 75 (1914). However, the

MEMORANDUM DECISION AND ORDER - 4

artful pleading doctrine is an extension to the well-pleaded complaint rule that allows a court to dive deeper for federal jurisdiction beyond the face of plaintiff's complaint. *Lippitt v. Raymond James Fin. Servs.*, 340 F.3d 1033, 1041 (9th Cir. 2003). The artful pleading doctrine provides that "'although the plaintiff is master of his own pleadings, he may not avoid federal jurisdiction by omitting from the complaint allegations of federal law that are essential to the establishment of his claim.'" *Hansen v. Blue Cross of Cal.*, 891 F.2d 1384, 1389 (9th Cir. 1989) (quoting *Paige v. Henry J. Kaiser Co.*, 826 F.2d 857, 860 (9th Cir. 1987)). Removal cannot be defeated by the plaintiff omitting a necessary federal question in the complaint. F*ranchise Tax Bd. of Calif. v. Construction Laborers Vacation Trust of S. Cal.*, 463 U.S. 1, 22 (1983). Nor may a plaintiff simply recharacterize a federal law issue in state law terms. *Sparta Surgical Corp. v. NASD*, 159 F.3d 1209, 1212 (9th Cir. 1998).

In *Lippitt*, the Ninth Circuit stated that the artful pleading doctrine is used in: (1) complete preemption cases, and (2) cases involving substantial federal questions.[3] *Lippitt*, 340 F.3d at 1042. Courts should only apply the doctrine in "limited circumstances as it raises difficult issues of state and federal relationships and often yields unsatisfactory results." *Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1427 (9th Cir. 1984). The doctrine is not supposed to expand federal jurisdiction, but rather is used as "a useful procedural sieve to detect traces of federal subject matter jurisdiction in a particular case." *Lippitt*, 340 F.3d at 1041.

Importantly, cases "may not be removed to federal court on the basis of a federal

---

[3] The *Lippitt* Court defined the second category as "those cases where the claim is necessarily federal in character." *Lippitt*, 340 F.3d at 1042.

MEMORANDUM DECISION AND ORDER - 5

defense." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987). This is true even when the federal defense is one that can be readily anticipated by the plaintiff. *Franchise Tax Bd. of Calif. v. Construction Laborers Vacation Trust of S. Cal.*, 463 U.S. 1, 10 (1983).

## IV. ANALYSIS

In the instant case, Plaintiffs raised only state law claims in their Complaint based on Idaho Code Sections 67-5270 through 67-5279, 67-6521 and 67-6535, and Rule 84 of the Idaho Rules of Civil Procedure. This is undisputed by Boise County. Dkt. 7, at 5. Yet, Boise County makes a compelling argument that, because Boise County made its Decision, at least in part, based on the TCA, Plaintiffs cannot ignore the TCA in their Complaint. Boise County primarily relies on the artful pleading doctrine and argues the TCA preempts a state court from hearing issues relating to the development of wireless communications facilities.[4]

As stated in *Lippitt*, the artful pleading doctrine is meant to be used in limited circumstances. Boise County concedes that a federal issue is not raised on the face of Plaintiffs' Complaint. In addition, there are no federal issues dressed in state law terms. Instead, Plaintiffs' Complaint petitions for state judicial review pursuant to Idaho Code Sections 67-5270 through 67-5279, 67-6521 and 67-6535, and Rule 84 of the Idaho Rules of Civil Procedure. Plaintiffs seek relief under Idaho state law and nothing further.

---

[4] Boise County notes the "effective prohibition clause" of 47 U.S.C. § 332(c)(7)(b)(i)(II) is "a substantive preemption effectuating Congress' recognition that a 'patchwork' of local laws cannot be permitted to stand in the way of deploying ubiquitous national wireless services." Dkt. 7, at 8 (citing *City of Rancho Palos Verdes v. Abrams*, 544 U.S. 113, 127–28 (2005) (Breyer, J. Concurring).

MEMORANDUM DECISION AND ORDER - 6

In addition, the TCA does not completely preempt state and local law from acting in the field of wireless services, but rather presents several limitations on a State's ability to grant or deny approval for wireless communications facilities. *See Rancho Palos Verdes*, 544 U.S. at 115–16. As noted, Boise County relies on the TCA's "effective prohibition" clause and cites Justice Breyer's concurrence in *Rancho Palos Verdes* in support of its preemption argument.[5] However, Boise County misconstrues Justice Breyer's reasoning. Justice Breyer explained the TCA was intended by Congress to be "a system based on cooperative federalism," after initially rejecting a complete national takeover of wireless communication facilities. *Id*. at 127–128. In the TCA, Congress instead expressly preserved the authority of state and local governments to regulate the placement of cell towers. 47 U.S.C. § 332(c)(7)(A) (stating "[e]xcept as provided in this paragraph, nothing in this Act shall limit or affect the authority of a State or local government or instrumentality thereof over decisions regarding the placement, construction and modification of personal wireless service facilities").

The Ninth Circuit has explained: "The Telecommunications Act is premised on a system of cooperative federalism in which participating states are *key partners to the federal government in regulating the telecommunications industry*. MetroPCS Cal., LLC v. Picker,* 970 F.3d 1106, 1118–19 (9th Cir. 2020) (cleaned up) (emphasis added). Under this scheme, states are "subject to the boundaries set by Congress and federal regulators . .

---

[5] The TCA states: "[t]he regulation of the placement, construction, and modification of personal wireless service facilities by any State or local government or instrumentality thereof . . . shall not prohibit or have the effect of prohibiting the provision of personal wireless services." 47 U.S.C. § 332(c)(7)(B)(i)(II).

MEMORANDUM DECISION AND ORDER - 7

. called upon to apply their expertise and judgment and have the freedom to do so." *Id*. (quoting *BellSouth Telecomms., Inc. v. Sanford*, 494 F.3d 439, 449 (4th Cir. 2007)). Thus, the TCA limits, but does not completely preempt, state and local authorities from making decisions on the placement of wireless communications facilities. As such, the artful pleading doctrine does not apply. *Cty. of San Mateo v. Chevron Corp.*, 32 F.4th 733, 748 (9th Cir. 2022) (explaining that only when a federal statute completely preempts an area of state law may a claim based on that preempted state law be converted into a federal claim under the artful pleading doctrine).

In the absence of complete preemption, courts are in wide agreement that using the defense of preemption is not enough to create federal question jurisdiction. The Supreme Court has explained "it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987) (emphasis in original). Plaintiffs seek judicial review pursuant to Idaho state law, and do not reference or raise the TCA—or any other federal statutes or issues—in their complaint. Thus, Boise County cannot rely on the defense of preemption to remove the case to federal court.

Finally, there is no provision in the TCA for relief of any kind for anyone—such as Plaintiffs—adversely affected by the granting of a cell tower application. Section 332(c)(7)(B)(v) of the TCA states: "[A]ny person adversely affected by any final action or failure to act by a State or local government or any instrumentality thereof may . . .

MEMORANDUM DECISION AND ORDER - 8

commence an action in any court of competent jurisdiction[.]" Federal courts have interpreted this section to allow only those "adversely affected" by the denial of an application, not the grant of one, to seek redress. *Mason v. O'Brien*, 2002 WL 31972190, at *3 (N.D.N.Y. Sept. 30, 2002); *Connecticut Architectural Towers L.L.C. v. Town of Monroe Zoning Comm'n*, 2001 WL 1829114, at *1 (D. Conn. Jul. 23, 2001) ("Section 332 provides for judicial review of any local decision *denying* a request to 'place, construct or modify,' wireless service facilities") (emphasis added). As such, Plaintiffs lack standing to bring an action under the TCA to challenge Boise County's approval of Horizon's cell tower application. Absent standing, this Court lacks subject matter jurisdiction over Plaintiffs' claims. *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004).

## V. CONCLUSION

In short, Boise County has not met its burden of establishing federal jurisdiction and this case is appropriately remanded to the State Court.

///

///

///

///

///

///

///

///

MEMORANDUM DECISION AND ORDER - 9

## VI. ORDER

Now, therefore, the Court HEREBY ORDERS:

1. Plaintiffs' Motion to Remand (Dkt. 6-1) is **GRANTED**.

2. This case is **REMANDED** to the State Court.

3. Because it is remanding this case to the State Court, the Court declines to rule on the Motion for Intervention (Dkt. 4). It is deemed MOOT.

DATED: January 25, 2023

David C. Nye
Chief U.S. District Court Judge