UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ERIC SNYDER; KEVIN VAN HORN; DAWN HURD; CLARENCE HURD; LORI NIELSEN; DAN MILHOLLAND; DIANNE MILHOLLAND; TYLER MAHLER; TRYSTEN STAPPENBECK; DAVID CHMIELOWIEC; SARA STAPPENBECK; ALLIE SPENCER; CURTIS BETHEA; COLBY FERRIS; JULIE FERRIS; SYDNEY THELANDER; ANTHONY STUDER; JUDY MELCHER; FRANKLYN K. SHEPARD; JUSTIN BEAUCANNON; AMANDA BEAUCANNON; JEFF ARSWALD; ARIC MCCULLOUGH; LORISSA MCCULLOUGH; JON BROADBENT; BYRON RICHMOND; EMILY RICHMOND; BEA SCOTT; DINAH THOMAS; AUSTIN CIBELLI; SARA CIBELLI; NICHOLAS EMMERLING,<br><br>    Plaintiffs,<br><br>    v.<br><br>BOISE COUNTY, a political subdivision of the State of Idaho, acting through the BOISE COUNTY COMMISSIONERS,<br><br>    Defendant. | Case No. 1:22-cv-00350-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Plaintiffs' Motion for Attorney Fees and Costs. Dkt.

MEMORANDUM DECISION AND ORDER - 1

14.[1] Defendant Boise County Board of Commissioners has filed an opposition[2] to the motion (Dkt. 17) and Plaintiffs have replied (Dkt. 18). The matter is ripe for adjudication.

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds the decisional process would not be significantly aided by oral argument, the Court will address the motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons outlined below, the Court finds good cause to DENY the Motion.

## II. BACKGROUND

On August 2, 2021, Horizon Tower, LLC ("Horizon") submitted an application to Defendant Boise County Board of Commissioners ("Boise County"), to get land use approval for the construction of a wireless communications facility on a parcel of real property. Dkt. 7, at 3. On October 21, 2021, Boise County's Planning and Zoning Commission approved Horizon's application. Plaintiffs, who own homes near the proposed site for the wireless communications facility, appealed to Boise County. *Id*. at 4. On March 3, 2022, and March 15, 2022, Boise County conducted public hearings on Plaintiffs' appeal. Dkt. 6-1, at 2.

On March 29, 2022, Boise County issued a decision upholding the approval of Horizon's application ("Decision"). *Id*. Plaintiffs timely requested reconsideration of the

---

[1] Plaintiffs have also filed a Declaration of Norman Semanko in Support of their Motion for Attorney Fees. Plaintiffs originally sought an award in the amount of $2,739.75 (Dkt. 14) but amended this amount to $4,692.36 (Dkt. 18).

[2] Defendant does not contest the amount requested but rather objects to the award as a whole. Dkt. 17.

Decision, but Boise County failed to act on Plaintiffs' request. *Id*. Plaintiffs subsequently filed a petition, pursuant to Idaho Code Sections 67-5270 through 67-5279, 67-6521 and 67-6535, and Rule 84 of the Idaho Rules of Civil Procedure, for judicial review in the District Court of the Fourth Judicial District of the State of Idaho ("the State Court"). *Id*; Dkt. 1-3, at 2. On or about August 15, 2022, Boise County removed the case to federal court, asserting federal question jurisdiction based on the Decision's reliance on the Telecommunications Act of 1996 ("TCA"), and specifically, 47 U.S.C. § 332(c)(7)(b)(i)(II), in its Decision. Dkt. 6-1, at 3; Dkt. 7, at 5.

On September 26, 2022, Plaintiffs filed a Motion to Remand the case back to State Court (Dkt. 6), which this Court granted on January 25, 2023 (Dkt. 13). In relevant part, the Court found that Boise County made a compelling argument that, because Boise County made its Decision, at least in part, based on the TCA, Plaintiffs cannot ignore the TCA in their complaint. Dkt. 13, at 6. Nevertheless, the Court found that the TCA does not completely preempt state law and that Plaintiffs lacked standing to bring an action under the TCA to challenge Boise County's approval of Horizon's cell tower application. *Id*. at 8–9. As such, the Court lacked subject matter jurisdiction over Plaintiffs' claims, and the case was appropriately remanded to the State Court. *Id*. at 9.

On February 8, 2023, Plaintiffs filed the instant Motion for Attorney Fees and Costs pursuant to 28 U.S.C. § 1447(c). Dkt. 14. Boise County filed an opposition to the motion on March 1, 2023 (Dkt. 17.) and Plaintiffs replied on March 15, 2023 (Dkt. 18).

### III. ANALYSIS

In general, each party to a lawsuit bears its own attorney fees unless Congress has

MEMORANDUM DECISION AND ORDER - 3

provided otherwise through statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983).

Pursuant to 28 U.S.C. § 1447(c), an order remanding a case back to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court laid out the proper standard for awarding attorney fees under § 1447(c), holding that, "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." [3] *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). A moving party's removal is not objectively unreasonable solely because a court finds the party's arguments for removal unpersuasive. *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008); *see also Martin*, 546 U.S. at 136–37.

Specifically rejecting an automatic award of attorney fees upon remand, the *Martin* court noted that the inclusion of the word "may" in § 1447(c) connotes discretion, and that an automatic award or even a strong presumption in favor of, or against, an award would pretermit the exercise of that discretion. *Martin*, 546 U.S. at 136 (quoting *Fogerty v. Fantasy Inc.*, 510 U.S. 517, 533).

In the instant case, Plaintiffs assert that, as the "prevailing party", they are entitled to attorney fees because Boise County lacked any objective basis for removal. Dkt. 14, at

---

[3] Defendant references the "clearly foreclosed" test discussed as part of the Ninth Circuit's discussion in *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062 (9th Cir. 2008). In *Lussier*, the Ninth Circuit affirmed the district court, holding that the defendant's removal was not unreasonable because of the "clarity of the law" at the time of issuance. *Id.*, at 1063. The Ninth Circuit further reasoned that caselaw clearly foreclosed the defendant's basis for removal. *Id.*, at 1065. However, the Ninth Circuit's discussion was very fact specific as it was considering a new statute whose meaning had yet to be determined. *Id.*, at 1066. Here, it is unclear if the "clearly foreclosed" test holds any relevance. Even so, given this Court's in-depth analysis of caselaw in its decision to remand, caselaw did not clearly foreclose Defendant's basis for removal.

MEMORANDUM DECISION AND ORDER - 4

4. In support, Plaintiffs rely on the Court's statements in its previous decision granting remand. *Id*. Namely, that Plaintiffs raised only state law claims in their complaint, and that Plaintiffs do not have a right to bring an action in federal court under the TCA. *Id*.

Boise County, in turn, asserts that, while the Court ultimately found its arguments unpersuasive, it had an objectively reasonable basis for removal and as such, attorney fees should not be awarded. Dkt. 17, at 2. Under the circumstances, the Court agrees.

Here, Boise County filed a notice of removal asserting federal question jurisdiction based on its reliance on the TCA, and specifically, 47 U.S.C. § 332(c)(7)(b)(i)(II), in its Decision. Dkt. 1, at 4-5. To support its position, Boise County relied primarily on the artful pleading doctrine and argued that the TCA preempts a state court from hearing issues relating to the development of wireless communications facilities. Dkt. 7, at 8. The Court ultimately found in favor of the Plaintiffs, but that is not to say that it was a "slam dunk."

The Court found Boise County's arguments "compelling", prompting a thorough discussion of the applicability of the artful pleading doctrine and the intertwined federal question. Dkt. 13, at 6; Dkt. 17, at 3. The Court did not make its decision to remand based on the frivolousness or unreasonableness of removal, but rather on the substantive arguments of the parties and the applicable law. Thus, Boise County's arguments for removal were reasonable under § 1447(c).

## IV. CONCLUSION

While the Court found Boise County unable to meet its burden for removal, that alone does not mean that it lacked an objectively reasonable basis for removal. Although the Plaintiffs did have the more meritorious position and prevailed on the underlying issue,

MEMORANDUM DECISION AND ORDER - 5

that does not entitle them to attorney fees.

## V. ORDER

IT IS HEREBY ORDERED that Plaintiffs' Motion for Attorney Fees and Costs (Dkt. 14) is **DENIED**.

DATED: June 9, 2023

David C. Nye
Chief U.S. District Court Judge